UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  10-62028-Civ-COOKE/TURNOFF

CLENA INVESTMENTS, INC.,

    Plaintiff
vs.

XL SPECIALTY INSURANCE COMPANY,

    Defendant.
_____/

## ORDER DENYING MOTION TO REMAND

THIS MATTER is before me on "Plaintiff's Notice of Objections to Defendant's Notice of Removal of Civil and Plaintiff's Motion to Remand to State Court and Incorporated Memorandum of Law" (the Plaintiff's "Motion to Remand"). (ECF No. 5). I have reviewed the parties' arguments, the record, and the relevant legal authorities. For the reasons provided below, the Motion to Remand is denied.

### I. Background

On September 10, 2010, Plaintiff, Clena Investments, Inc., filed this action against Defendant, XL Specialty Insurance Company, in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. (ECF No. 1-1, at 3). On September 17, 2010, the Plaintiff properly served Defendant through its statutory agent, the Chief Financial Officer of the State of Florida. (ECF No. 1-1, at 1). On September 21, 2010, Florida's CFO forwarded a copy of the Summons and Complaint to Defendant via electronic mail. (ECF No. 1-1, at 1). Defendant received a copy of the Summons and Complaint on September 21, 2010. Def.'s Opp. To Mot. to Remand 2. Defendant filed a Notice of Removal on October 21, 2010. (ECF No. 1). Defendant removed the action to this Court asserting diversity jurisdiction under 28 U.S.C. §

1332(a).  *See* 28 U.S.C. § 1441(a).

Plaintiff moves to remand the case back to state court because (i) Defendant's Notice of Removal was untimely filed, and (ii) Defendant failed to comply with Rule 7.1 of the Federal Rules of Civil Procedure when it did not file a Corporate Disclosure Statement with its initial Notice of Removal.  Additionally, Plaintiff states that it is entitled to attorney's fees and costs because Defendant lack a reasonable basis for removal.

## II.  LEGAL STANDARD

The burden of establishing federal jurisdiction falls on the party who is attempting to invoke the jurisdiction of the federal court.  *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).  Courts should strictly construe the requirements of 28 U.S.C. §1441 (removal jurisdiction) and remand all cases in which such jurisdiction is doubtful.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941).  Moreover, removal statutes are construed narrowly, and when the plaintiff and defendant clash on the issue of jurisdiction, uncertainties are resolved in favor of remand.  *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

## III.  ANALYSIS

Pursuant to 28 U.S.C. § 1446, a defendant must file a Notice of Removal within thirty days of receiving a copy of the complaint.  Courts in this district do not agree whether the period for removal begins to run when the defendant receives the complaint from the statutory agent or when the statutory agent mails the complaint to the defendant.  *Compare Sands Point Ocean Beach Resort & Condo. Assoc., Inc. v. QBE Ins. Corp.*, No. 07-21329, 2007 WL 1805795, at *1 (S.D. Fla. Jun. 22, 2007) (holding that the thirty-day removal period begins when defendant receives the summons and complaint from statutory agent*) with Morse, LLC v. United Wisconsin*

*Life Ins. Co.*, 356 F. Supp. 2d 1296, 1298 (holding that the removal period begins when the statutory agent mails the summons and complaint to the defendant).  I do not need to reach this question, however, because the defendant received the summons and complaint from the statutory agent on the same day the statutory agent sent the documents—September 21, 2010.  Defendant filed a Notice of Removal on October 21, 2010, within thirty days of September 21, 2010.  Thus, Defendant timely filed its Notice of Removal.

Plaintiff argues that, even if Defendant's filing was timely, the Notice of Removal was incomplete because Defendant failed to file a Corporate Disclosure Statement with the Notice.  Plaintiff argues that this defect is fatal because the Corporate Disclosure Statement is necessary for the Plaintiff and the Court to determine diversity.  Plaintiff does not point to any case law that establishes that a corporate disclosure statement is a necessary element for proper removal.

Section 1446(a) provides that, to effect removal, a defendant "shall file in the district court . . . a notice of removal . . . containing a short and plain statement of the grounds for removal . . . ."  Defendant has complied with this requirement.  The Notice alerted Plaintiff to the removal, and stated the ground for removal as diversity.  Defendant's failure to timely file its Corporate Disclosure Statement does not render the Notice of Removal fatally defective.  *See Schleibler v. Highmark Blue Shield*, 243 Fed Appx. 691, 694 (3d Cir. 2007) ("[Plaintiff] was in no way prejudiced by the Defendants' failure to file a Disclosure Statement under Federal Rule of Civil Procedure 7.1.  Such statements are intended to provide judges with information to determine if any financial interests require the judge to disqualify him or herself from the case."); *see also Gosnell v. Interstate Dist. Co.*, No. 09-030, 2009 WL 1346051, at *1 (E.D. Tenn. May 11, 2009) (noting there is no relationship between removal and corporate disclosure statement); *Inglis v. D.R. Horton, Inc.*, No. 08-1825, 2008 WL 4997611, at *1 (S.D. Cal. Nov. 24, 2008).

(stating that failure to file disclosure statement with notice of removal is immaterial).

Because Defendant's removal was timely, and this Court has diversity jurisdiction over the case, I will not remand this action back to state court.[1]  Plaintiff is not entitled to attorney's fees and costs. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.").

## IV. CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** that Plaintiff's Motion to Remand (ECF No. 5) is **DENIED**.

**DONE and ORDERED** in chambers, at Miami, Florida, this 18th day of April 2011.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*

---

[1] Defendant raises issue with the fact that Plaintiff did not file its Motion to Remand in accordance with Local Rule 7.1(A)(3). Local Rule 7.1(A)(3) requires counsel to hold a pre-filing conference, and include with certain motions a certification that this local rule has been complied with. Plaintiff is directed to review the Local Rules of the Southern District, specifically Local Rule 7.1(A)(3), and be mindful of its requirements.